NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUN 11 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| HERMELINDA RUIZ-LINARES; N.B.R., | No. 25-4309 |
| Petitioners, | Agency Nos. A246-443-236 |
| v. | A246-443-237 |
| TODD BLANCHE, Acting Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 9, 2026**
San Francisco, California

Before: NGUYEN and VANDYKE, Circuit Judges, and HUIE, District Judge.***

Petitioner Hermelinda Ruiz-Linares, a native and citizen of Peru, seeks

review of a decision by the Board of Immigration Appeals ("BIA") affirming the

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. 34(a)(2).

\*\*\* The Honorable Robert S. Huie, United States District Judge for the Southern District of California, sitting by designation.

Immigration Judge's ("IJ") decision denying Ruiz's applications for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT").[1]

"Our review is 'limited to the BIA's decision, except to the extent that the IJ's opinion is expressly adopted.'" *Khudaverdyan v. Holder*, 778 F.3d 1101, 1105 (9th Cir. 2015) (quoting *Popova v. INS*, 273 F.3d 1251, 1257 (9th Cir. 2001)). We review the BIA's "legal conclusions de novo and its factual findings for substantial evidence." *Garcia v. Wilkinson*, 988 F.3d 1136, 1142 (9th Cir. 2021) (quoting *Bringas-Rodriguez v. Sessions*, 850 F.3d 1051, 1059 (9th Cir. 2017) (en banc)). Under this "extremely deferential" standard, only "evidence [that] compels a conclusion contrary to the BIA's" warrants granting a petition for review. *Singh v. Bondi*, 130 F.4th 1142, 1148 (9th Cir. 2025) (quoting *Umana-Escobar v. Garland*, 69 F.4th 544, 550 (9th Cir. 2023)). We have jurisdiction under 8 U.S.C. § 1252. For the following reasons, we deny the petition.

1. Substantial evidence supports the agency's finding that Ruiz failed to meet her burden of establishing a nexus between the harm she suffered or feared and a protected ground. *See Rodriguez-Zuniga v. Garland*, 69 F.4th 1012, 1019 (9th Cir. 2023) (reviewing agency's nexus finding for substantial evidence). For asylum, the protected ground must be "at least one central reason" the applicant

---

[1] Ruiz's daughter, Nardy Bautista Ruiz, is a derivative asylum applicant.

was persecuted or fears persecution. *Barajas-Romero v. Lynch*, 846 F.3d 351, 358 (9th Cir. 2017). For withholding of removal, it must be "a reason." *Id.*

Substantial evidence supports the agency's conclusion that Ruiz failed to establish a nexus between the harm she experienced or feared and her proposed protected ground of membership in the particular social group ("PSG") of "Quechua."[2] Ruiz testified that, after entering her home, while attacking her, and while they were leaving, attackers threatened to harm and kill her if she did not give up her daughter for prostitution. Ruiz did not testify that the attackers made any statements about her indigenous or Quechua identity. Additionally, Ruiz testified that the attackers also harm women who are not Quechua. The record supports the agency's conclusion that the attackers "were motivated to harm [Ruiz] because of their desire for [her] to give up her daughter for prostitution," rather than because of her Quechua membership. *See Rodriguez-Zuniga*, 69 F.4th at 1019 (substantial evidence supported the agency's finding that the persecutor "did not target [the petitioner] because of her status as a 'Guatemalan woman'" where the

---

[2] The BIA did not err in declining to consider a new PSG based on "kinship," because the record reflects Ruiz did not raise this PSG before the IJ. *See Matter of W-Y-C- & H-O-B-*, 27 I. & N. Dec. 189, 191 (B.I.A. 2018) (finding that when a petitioner delineates a new PSG on appeal, the IJ "will not have had an opportunity to make relevant factual findings, which [the BIA] cannot do in the first instance on appeal"); *Honcharov v. Barr*, 924 F.3d 1293, 1297 (9th Cir. 2019) ("[T]he [BIA] does not *per se* err when it concludes that arguments raised for the first time on appeal do not have to be entertained.").

persecutor "did not mention [the petitioner's] gender at all during the attempted robbery" and no other particularized evidence supported this motive) (internal quotation marks omitted)). Absent a nexus, Ruiz was ineligible for asylum and withholding of removal based on past persecution. *See Hussain v. Rosen*, 985 F.3d 634, 646 (9th Cir. 2021) ("[A]n applicant must show he was individually targeted on account of a protected ground rather than simply the victim of generalized violence.").[3]

2. Substantial evidence supports the agency's determination that Ruiz is not eligible for CAT relief because she did not establish it is more likely than not that, upon removal, Peruvian government officials will consent or acquiesce to her torture by the attackers. To be eligible for protection under CAT, an applicant must demonstrate that he or she will more likely than not be tortured in the country of removal. 8 C.F.R. § 1208.16(c)(2). The torture must be "inflicted by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity." *Zheng v. Ashcroft*, 332 F.3d 1186, 1188 (9th

---

[3] Ruiz argues that the agency applied the wrong nexus standard to withholding of removal because it based its withholding of removal analysis "entirely on the asylum nexus analysis." However, the agency in fact concluded that she did not meet the "a reason" standard for withholding of removal because there was "a lack of any nexus." *See Rodriguez-Zuniga*, 69 F.4th at 1018. Because the lack of nexus is dispositive to Ruiz's eligibility for asylum and withholding of removal, we need not address her challenge to the agency's finding that she could reasonably relocate within Peru.

Cir. 2003) (quoting 8 C.F.R. § 208.18(a)(1)) (emphasis omitted). Acquiescence requires that a public official, prior to the activity's occurrence, have had actual knowledge of, or been willfully blind to, an activity constituting torture. 8 C.F.R. § 1208.18(a)(7). "[A] government does not acquiesce in the torture of its citizens merely because it is aware of torture but powerless to stop it." *Garcia-Milian v. Holder*, 755 F.3d 1026, 1034 (9th Cir. 2014) (quoting *Mouawad v. Gonzales*, 485 F.3d 405, 413 (8th Cir. 2007)).

The record does not compel the conclusion that Peruvian government officials will more likely than not consent to or acquiesce in Ruiz's torture by the attackers if she is removed to Peru. Ruiz argues that police officers acquiesced in her torture because they failed to assist her when she reported the rape incident to them. However, because she testified that the attackers were masked and unknown to her, the agency reasonably found that the police did not have enough information to conduct an investigation. Under these circumstances, the police officers' failure to investigate the attack does not compel the conclusion that they acquiesced in her torture. *See id.* (finding that police officers' failure to investigate attack by masked men because they lacked sufficient information does not compel the conclusion that the police acquiesced in the attack); *Andrade-Garcia v. Lynch*, 828 F.3d 829, 836 (9th Cir. 2016) ("[A] general ineffectiveness on the government's part to investigate and prevent crime will not suffice to show

acquiescence."). And although country conditions evidence demonstrates that Peru faces problems with violence against women and Indigenous people, the record does not compel the conclusion that these problems create a particularized risk of torture for Ruiz. *See Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1152 (9th Cir. 2010) (per curiam) (explaining that "generalized evidence of violence and crime" that "is not particular to Petitioners … is insufficient to meet [the CAT relief] standard").

Because the agency did not err in holding that Ruiz failed to meet her burden to establish a likelihood of torture with government acquiescence, we deny the petition as to this claim as well. *See Garcia-Milian*, 755 F.3d at 1035 (upholding a CAT denial where the petitioner failed to establish the state action necessary for CAT relief).

**PETITION DENIED**.[4]

---

4       The motion for a stay of removal, Dkt. No. 2, is denied. The temporary stay of removal is lifted.